UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE ABEL; JOHN ABEL, SR.; JOHN ABEL, JR.; NICHOLAS ABEL; | ) ) ) | |
| Plaintiffs, | ) ) | No. |
| vs. | ) ) | Judge Magistrate Judge |
| VILLAGE OF SCHAUMBURG; MATTHEW HUDAK; JOHN CICHY; TERRANCE O'BRIEN; ALAN TAKEI; VILLAGE OF HANOVER PARK; JOSEPH CIANCIO; STEVEN CORTESE; VICTOR DIVITO; STEVEN STOTZ; MATTHEW MCDONNELL; MARK ATKINSON; DANIEL KOSARTES; | ) ) ) ) ) ) ) ) ) | Jury Demand |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiffs' state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiffs are residents of Schaumburg, Illinois.

5. At all times relevant to this Complaint, Defendant-Officers Hudak, Cichy, O'Brien and Takei were duly appointed and sworn police officers for the Schaumburg Police Department.

6. At all times relevant to this Complaint, Defendant-Officers Ciancio, Cortese, and DiVito were duly appointed and sworn police officers for the Hanover Park Police Department.

7. At all times relevant to this Complaint, the Defendant-Officers were acting in the

1

course and scope of their employment, and under color of state law, ordinance and/or regulation.

8. The Defendant-Officers are sued in their individual capacities.

9. Defendant Village of Schaumburg and Defendant Village of Hanover Park are municipal corporations, duly incorporated under the laws of the State of Illinois, and are the employers and principals of the Defendant-Officers.

**Facts**

10. Plaintiffs reside at 207 Andrew Lawn in Schaumburg, Illinois.

11. On March 14, 2012, police officers, including Defendant-Officers Ciancio and Cortese, arrived at the Plaintiffs' residence looking for a person that no longer resided at that address.

12. Plaintiffs John Abel, Jr. and Nicholas Abel were home when the officers arrived.

13. Defendant-Officers Ciancio and Cortese initially remained outside the home.

14. Plaintiff Nicholas Abel exited the back door of the home and was approached by Defendant-Officers Ciancio and Cortese.

15. Defendant-Officers Ciancio and Cortese arrested Plaintiff Nicholas Abel and placed him in handcuffs in the back of a police vehicle.

16. At the time Defendant-Officers Ciancio and Cortese arrested Nicholas Abel there was no probable cause or any other legal justification to arrest Nicholas Abel.

17. Plaintiff Nicholas Abel was searched.

18. No contraband or evidence of criminal activity was found on Plaintiff Nicholas Abel.

19. Additional police officers, including Defendant-Officers Hudak, Cichy, O'Brien and Takei, arrived at the Abel residence.

20. While Plaintiff Nicholas Abel was in the police vehicle, some or all of the Defendant-Officers who were present entered and searched Plaintiffs' residence.

21. These Defendant-Officers did not have a search warrant, exigent circumstances, consent or any other legal justification to enter or search Plaintiffs' home.

22. Plaintiff John Abel, Jr. had left the home and no other Plaintiff was present at the residence at the time of this search.

23. Plaintiff Christine Abel arrived at the residence.

24. The Defendant-Officers would not allow Christine Abel into her residence.

25. The Defendant-Officers would not allow Christine Abel to speak with her son Nicholas Abel.

26. The Defendant-Officers, including Defendant-Officer Hudak, requested Christine Abel give them consent to enter, clear and search the residence.

27. Christine Abel stated that she wanted to consult an attorney.

28. Defendant-Officers, including Defendant-Officer Hudak, threatened Christine Abel by stating that the officers would get a search warrant, go into her home and "Fuck it up," if she refused them entry.

29. Christine Abel called an attorney for legal advice.

30. After speaking with an attorney, Christine Abel refused to give the Defendant-Officers consent.

31. At some point during this time period, John Abel, Sr. arrived at the residence.

32. According to the Defendant-Officer Cortese's police reports and sworn complaint for a warrant, police officers, including Defendant-Officers Cortese, Ciancio and O'Brien, entered and searched the Abel residence after speaking with Christine Abel.

33. The police officers, including Defendant-Officers Cortese, Ciancio and O'Brien, did not have a search warrant, exigent circumstances, consent or any other legal justification to enter or search Plaintiffs' home at any time prior to obtaining a search warrant.

34. Some of the Defendant-Officers, including Defendant-Officers Cortese and Hudak, then proceeded to obtain a search warrant.

35. To obtain the search warrant, Defendant-Officer Cortese swore to a complaint containing certain factual allegations.

36. Police officers, including Defendant-Officers Ciancio, Divito, Stotz, McDonnell, Kosartes, Atkinson, Cichy, Hudak, O'Brien and Takei, searched the Abel residence again.

37. During the search, Defendant-Officers caused property damage to the Plaintiffs' residence.

38. During one of the searches, Defendant-Officers seized United States currency that belonged to the Plaintiffs.

39. Defendant-Officers only inventoried some of the money they seized and stole the rest.

3

40. Defendant-Officers seized and converted approximately $4,000.00 in United States currency that belonged to Plaintiffs.

41. Defendant-Officers conspired and acted together to cover up the illegal and unauthorized search and entry of Plaintiffs' residence by falsifying police reports, inventory reports and other documents and by agreeing to testify falsely consistent with the documents.

42. Defendant-Officers then conspired and acted together to cover up the illegal seizure of Plaintiffs' property, i.e. the United States currency that they failed to inventory.

43. Nicholas, Christine and John Abel, Sr. were taken to the Hanover Park police station.

44. Nicholas Abel was questioned by Defendant-Officers Cortese and DiVito.

45. Nicholas Abel denied any illegal conduct.

46. Sergeant Ciancio approved felony charges against Nicholas Abel for possession of a controlled substance and possession of cannabis over 500 grams.

47. Defendant-Officers Cortese, DiVito and Ciancio caused criminal charges to be brought against Nicholas Abel.

48. Defendant-Officers Cortese, DiVito and Ciancio lacked probable cause for the criminal charges they brought against Nicholas Abel.

49. Defendant-Officers conspired and acted together to cover up the false arrest of Plaintiff Nicholas Abel, by agreeing to falsify police reports, criminal complaints and other documents and agreeing to falsely testify consistently with the documents.

50. Defendant-Officers conspired and acted together to cover up the false criminal charges brought against Plaintiff Nicholas Abel, by agreeing to falsify police reports, criminal complaints and other documents and agreeing to falsely testify consistently with the documents.

51. During this same time period, at or near 285 Mayfair Lane in Schaumburg, Illinois, police officers Oscar Morales and Steven Stotz arrested John Abel, Jr.

52. During their arrest of John Abel, Jr., officers Morales and Stotz took John Abel, Jr. to the ground.

53. As a result of the officers' use of force, John Abel, Jr. suffered a fracture in his hand.

54. John Abel, Jr. was brought to the Hanover Park police station.

55. John Abel, Jr. was interrogated by Defendant-Officers Cortese and DiVito.

56. John Abel, Jr. requested medical treatment from Defendant-Officers Cortese and DiVito.

57. Defendant-Officers Cortese and DiVito did not provide for medical treatment for John Abel, Jr.

58. Sergeant Ciancio approved multiple felony charges against John Abel, Jr. for drug-related offenses.

59. Defendant-Officers Cortese, DiVito and Ciancio caused criminal charges to be brought against John Abel, Jr.

60. Defendant-Officers made out false and incomplete official reports and gave false and incomplete versions of the events to other police officers in order to cover up their own misconduct.

61. Defendant-Officers made an agreement to give false testimony regarding the incidents involving the Plaintiffs in order to cover up their own misconduct.

62. Each individual Defendant-Officer personally participated in the unlawful conduct, and acted jointly and in concert with the other Defendant-Officers who participated or acquiesced in the unlawful conduct.

63. Each individual Defendant-Officer knew of and condoned the unlawful conduct, and/or failed to intervene to stop other law enforcement officers from engaging in the unlawful conduct.

64. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiffs' rights.

65. As a direct and proximate result of the acts of the Defendant-Officers described above, Plaintiffs suffered damages including loss of physical liberty, loss of time, loss of normal life, physical pain and suffering, loss of property, stolen money, property damage, medical expenses, attorneys' fees, and emotional distress.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest)

66. Plaintiff Nicholas Abel realleges paragraphs 1 through 65 as if fully set forth herein.

67. Defendant-Officers Cortese and Ciancio arrested Plaintiff.

68. Defendant-Officers did not have an arrest warrant, probable cause, or any other

5

legal justification to arrest Plaintiff.

69. The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff Nicholas Abel asks that this Honorable Court:

a) Enter judgment against Defendant-Officers Cortese and Ciancio,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (State Law Claim for Malicious Prosecution)

70. Plaintiff Nicholas Abel realleges paragraphs 1 through 65 as if fully set forth herein.

71. Defendant-Officers Ciancio, Cortese and DiVito instituted charges against Plaintiff for possession of a controlled substance and possession of cannabis over 500 grams.

72. There was not probable cause for such charges.

73. The charges were terminated in a manner favorable to Plaintiff when the judge dismissed the charges at the bond hearing.

WHEREFORE, Plaintiff Nicholas Abel asks that this Honorable Court:

a) Enter judgment against Defendant-Officers Ciancio, Cortese and DiVito,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Unreasonable Search of Home)

74. Plaintiffs reallege paragraphs 1 through 65 as if fully set forth herein.

75. Defendant-Officers Cortese, Ciancio, Hudak, O'Brien, Takei, Cichy and other police officers entered and searched Plaintiffs' home.

76. Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiffs' home.

77. Searching Plaintiffs' home without any legal justification violated their Fourth Amendment rights, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiffs compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT IV
### (42 U.S.C. § 1983 – Unreasonable Seizure of Property)

78. Plaintiffs reallege paragraphs 1 through 65 as if fully set forth herein.

79. Defendant-Officers and other police officers searched Plaintiffs' home.

80. Defendant-Officers damaged property within the Plaintiffs' home.

81. Defendant-Officers seized United States currency belonging to the Plaintiffs without inventorying all of the currency.

82. Seizing and damaging Plaintiffs' property without any legal justification violated their Fourth Amendment rights, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiffs compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT V
### (42 U.S.C. § 1983 – Denial of Medical Attention)

83. Plaintiff John Abel, Jr. realleges paragraphs 1 through 65 as if fully set forth herein.

84. Plaintiff John Abel, Jr. had a serious medical need in that he had a fractured hand.

85. Defendant-Officers Cortese and DiVito were deliberately indifferent to Plaintiff's serious medical need.

86. Defendant-Officers Cortese and DiVito were aware of a substantial risk of harm to Plaintiff's health and Defendants disregarded this risk by failing to take reasonable measures to address it.

87. Defendant-Officers deliberate indifference to Plaintiff's serious medical need caused harm to Plaintiff.

WHEREFORE, Plaintiff John Abel, Jr. asks that this Honorable Court:

a) Enter judgment against Defendant-Officers Cortese and DiVito,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### (42 U.S.C. § 1983 – Civil Conspiracy)

88. Plaintiffs reallege paragraphs 1 through 65 as if fully set forth herein.

89. Defendants acted in concert pursuant to an agreement to deprive Plaintiffs of their constitutional rights.

90. Defendant-Officers knowingly and intentionally schemed and worked together in a common plan to falsely arrest Nicholas Abel, illegally search Plaintiffs' home, illegally damage and seize Plaintiffs' property, and use excessive force on John Abel, Jr.

91. Defendant-Officers then conspired and acted together to cover up the false arrest of Nicholas Abel, the excessive use of force on John Abel, Jr., the illegal search of Plaintiffs' home and the illegal seizure of Plaintiffs' property.

92. Defendant-Officers made out false and incomplete official reports and gave false and incomplete versions of the events to other police officers in order to cover up his own misconduct.

93. As described above, Plaintiffs suffered harm and injury as a result of Defendants' conspiracy to deprive them of their constitutional rights.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiffs compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VII
### (State Law *Respondeat Superior* Claim)

94. The acts of the Defendant-Officers described in the above state-law claim for malicious prosecution were committed in the scope of their employment.

95. Pursuant to *respondeat superior*, Defendant Village of Hanover Park is liable for its agents' actions.

WHEREFORE, Plaintiff Nicholas Abel demands judgment against Defendant Village of Hanover Park and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VIII
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

96. The acts of the Defendant-Officers described in the above claims were committed in the scope of employment.

97. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendants Village of Schaumburg and Village of Hanover Park are liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiffs ask that this Honorable Court order Defendants Village of Schaumburg and Village of Hanover Park to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for Plaintiff*

/s/ Amanda S. Yarusso
*Counsel for Plaintiff*

Lawrence V. Jackowiak
Amanda S. Yarusso
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595